IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| MAE WAGES,<br><br>　　Plaintiff,<br><br>v.<br><br>LILY TRANSPORTATION, CORP.,<br><br>　　Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

# COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Mae Wages ("Plaintiff" or "Ms. Wages"), by and through undersigned counsel, and files her Complaint for Damages against Defendant Lily Transportation, Corp., ("Defendant" or "Lily Transportation"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages for equal pay violations and retaliation under the Equal Pay Act of 1963, 29 U.S.C. § 206 (d) and 29 U.S.C. § 215(a) ("EPA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) and 29 U.S.C. § 216(b).

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b) because a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant conducts business in this district and is subject to specific jurisdiction over the claims asserted herein.

6.

Defendant employed Plaintiff during the relevant time period.

7.

Defendant, at all times material, conducted business within this District.

8.

Defendant is governed by and subject to the EPA, 29 U.S.C. § 206(d) and § 215(a)(3).

9.

Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

10.

Defendant may be served by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, 155 Federal St., Ste 700, Boston, Massachusetts 02110.

## **FACTUAL ALLEGATIONS**

11.

On June 6, 2019, Ms. Wages was hired by Defendant as a CDL Truck Driver.

12.

Ms. Wages' starting pay was $21.00 an hour.

13.

Ms. Wages has 38 years of experience in the trucking business.

14.

During a July 2019 safety meeting, Manager Mr. Cameron Cobb introduced a young male truck driver to the other drivers and stated that the young male truck driver was just out of truck driving school and was earning $25.00 an hour.

15.

Ms. Wages learned that other male truck drivers, who were driving similar routes as Ms. Wages, were hired at a starting hourly rate between $23.00 and $29.00.

16.

Many of these male drivers had little to no experience and were hired immediately upon their completion of trucking school.

17.

Other female truck drivers were paid less than the male truck drivers as well, including Ms. Charity McGowen.

18.

Mr. Cobb stated that truck drivers' hourly wages would be commensurate with experience.

19.

Ms. Wages went to Mr. Cobb and asked why she was told, at the time she was hired, that everyone makes $21.00 upon hiring. Ms. Wages reminded Mr. Cobb that she had 38 years of experience as a driver.

20.

Mr. Cobb stated that he would give Ms. Wages a raise soon.

21.

When Ms. Wages asked her supervisor, Mr. Farrah, he stated that they are paying male truck drivers $28.00 or more an hour but that they will not pay the female truck drivers that much.

22.

In July, following the safety meeting, Ms. Wages approached Mr. Cobb about a raise, and he refused to raise her salary. Ms. Wages then told Mr. Cobb that she would be filing a complaint with the EEOC.

23.

That day, when Ms. Wages returned home from work, she contacted the EEOC to file a charge, which she showed to her employer the next day.

24.

When the EEOC charge was not accepted at first, Ms. Wages continued

filing until it was accepted.

25.

Ms. Wages showed her employer the information she was providing to the EEOC every month after she attempted to file a charge.

26.

In July, when Ms. Wages provided Mr. Cobb with her EEOC charge that she was attempting to file, he threw the paper in her face and told her to get out of his office. Ms. Wages' sister, Joann Parsons, witnessed this.

27.

On October 9, 2019, after Ms. Wages' third or fourth EEOC charge attempt was accepted, Ms. Wages was asked to come into the EEOC's office. Ms. Wages was able to file an EEOC charge for EPA claims and Title VII claims against Defendant and provided copies to Defendant.

28.

Following Ms. Wages' reports, Defendant, specifically Manager Mr. Cameron Cobb and General Manager Mr. Jim LeClaire issued unwarranted disciplinary actions and reduced her work hours.

29.

Additionally, Defendants, who knew that Ms. Wages had asthma and

allergies, began having her drive trucks after drivers who smoked were in them.

30.

On October 29, 2019, the Director of Human Resources, Mr. Gary Martin and Mr. LeClaire told Ms. Wages that if she withdrew her EEOC charge, they would remove the disciplinary actions taken against her and allow her to keep her job.

31.

Plaintiff told Mr. LeClaire and Mr. Martin that she refused to withdraw her EEOC charge.

32.

On November 22, 2019, Mr. LeClaire sent Ms. Wages an email informing her that she was terminated.

33.

Defendant paid Plaintiff less than her male counterparts for similar or equal work.

34.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

35.

Others outside the Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I:  VIOLATION OF THE EQUAL PAY ACT

36.

Plaintiff re-alleges paragraphs 11-35 as if set forth fully herein.

37.

Defendant willfully paid Plaintiff lower wages, salary, and benefits than male employees performing substantially similar work.

38.

Defendant's actions have deprived Plaintiff of equal pay for equal work in violation of the EPA.

39.

Plaintiff is entitled to actual and liquidated damages, attorneys' fees, and costs of litigation as a result of the Defendant's violation.

## COUNT II:  RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

40.

Plaintiff re-alleges paragraphs 11-35 as if set forth fully herein.

41.

Defendant's actions, as detailed above, in disciplining and terminating Plaintiff, and reducing her work hours because of her protected activity (complaining to management about unequal pay and filing an EEOC charge) constitutes unlawful intentional retaliation in violation of the Equal Pay Act.

42.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

43.

Accordingly, Defendant is liable for the damages Plaintiff has sustained damages as a result of Defendant's unlawful retaliation, as well as punitive damages based on Defendant's willful misconduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

Respectfully submitted the 26th day of April, 2021.

BARRETT & FARAHANY

s/ *V. Severin Roberts*
V. Severin Roberts
Georgia Bar No.
Grace A. Starling
Georgia Bar No. 464958
*Attorneys for Plaintiff Mae Wages*

1100 Peachtree Street, Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com
grace@justiceatwork.com